# Watson *v.* McManus, Appellant.

*Judgment—Assignment—Injunction—Equity—Accounting.*

On a bill in equity for an account where it appears that the defendant, a city contractor, had assigned to the plaintiff all moneys due under the contract, but notwithstanding the assignment had recovered a judgment against the city for such moneys, the court may, after having found that the defendant was indebted to the plaintiff for more than the amount of the judgment, direct the defendant to mark the judgment to the use of the plaintiff.

Submitted March 23, 1909. Appeal, No. 389, Jan. T., 1908, by defendants, from decree of C. P. No. 1, Phila. Co., Dec. T., 1903, No. 4,416, on bill in equity in case of James V. Watson v. Michael McManus, Appellant, and the City of Philadelphia and John M. Walton, Controller of the City of Philadelphia. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Bill in equity for an injunction and for an account. Before BRÉGY, J.

The opinion of the Supreme Court states the facts.

The court entered the following decree:

1. That the said Michael McManus, defendant herein, within five days from the date of this decree mark to the use of James V. Watson, plaintiff herein, the judgment in the suit of Michael McManus v. City of Philadelphia, court of common pleas No. 1, of December Term, 1898, No. 547.

2. That in default of said Michael McManus, so marking said judgment to the use of said James V. Watson, as above directed, the prothonotary is hereby ordered and directed to mark said judgment to the use of said James V. Watson.

3. That upon the marking of said judgment to the use of said James V. Watson, he, the said James V. Watson, have full power and authority to enforce payment of the same; provided, nevertheless, that interest on said judgment of Michael McManus v. City of Philadelphia, court of common pleas No. 1, of December Term, 1898, No. 547, is to be calculated and to run only from the date of the filing of the referee's report in said suit, namely, February 2, 1904, to the date of the warding of the injunction against the city of Philadelphia in this suit; namely, January 15, 1907, unless otherwise ordered by the court.

*Error assigned* was the decree of the court.

*Wm. M. Reese* and *Wm. W. Lucas,* for appellant.

*George R. Van Dusen* and *John G. Johnson,* for appellee.

OPINION BY MR. JUSTICE FELL, April 12, 1909:

The defendant, in consideration of advances made to enable him to carry out a contract with the city of Philadelphia, assigned to the plaintiff all moneys due or that might become due on the contract. Notwithstanding this assignment the defendant brought an action against the city and recovered judgment. The plaintiff procured an injunction restraining the defendant from collecting the judgment until a final decree should be entered in a proceeding in equity between the par-

ties for the settlement of their accounts, with leave to apply to the court for a further order when the suit for an accounting should have been determined. The decree awarding an injunction was affirmed on appeal: Watson v. McManus, 221 Pa. 41. After a final decree had been entered in the suit for an accounting, directing McManus to pay a sum larger than the amount of the judgment against the city, the court made a further order in this proceeding directing the defendant to mark the judgment to the use of the plaintiff.

The appeal is from this order, and it presents no question that has not been finally settled in favor of the plaintiff. The subject of the controversy was the ownership of the judgment obtained against the city by the defendant, McManus. The court found that all the money due under the judgment belonged to the plaintiff by virtue of the assignment to him, and the order appealed from is supplemental to and gives effect to the decree before entered. The order is affirmed at the cost of the appellant.